UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES KELLEY ROSE,**

        **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

Case No:  6:16-cv-93-Orl-41DCI

# REPORT AND RECOMMENDATION

James Kelley Rose (the Claimant), appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for a period of disability and disability insurance benefits. Doc. 1; R. 133-34. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) assigning David Carn's opinion little weight; and 2) finding that his testimony was not credible concerning his pain and limitations. Doc. 15 at 8-14. Claimant argues that the matter should be reversed and remanded for further proceedings. *Id*. at 14. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.    STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is

supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

### A. Mr. Carn's Opinion.

Claimant argues that the ALJ erred by assigning Mr. Carn's opinion little weight. Doc. 15 at 11-14. The Commissioner argues that the ALJ properly considered Mr. Carn's opinion, and assigned it little weight. Doc. 18 at 11-13.

At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). The ALJ must consider all relevant evidence, including, but not limited to, the opinions of treating, examining and non-examining medical sources, as well as the opinions of "other sources." *Id*. at § 404.1513(d), 1545(a)(1), (3).

Claimant alleged a disability onset date of January 5, 2012, and is insured through June 30,

2014. R. 12, 133. Claimant suffers from a number of impairments, including, but not limited to, degenerative disc disease of the lumbar spine. *See generally* R. 219-332. On October 28, 2013, Mr. Carn, a physical therapist, examined Claimant, and performed a wide range of tests to determine his ability to function. R. 298-313.[1] Mr. Carn opined that Claimant is "unable to be classified in any of the physical demand capacity . . . classifications defined by the Dictionary of Occupational Titles," and, thus, is considered "less than sedentary due to his inability to tolerate the physical stressors of working at an occupational pace for an 8 hour day[.]" R. 316.

The ALJ found that Claimant suffers from severe impairments of degenerative disc disease of the lumbar spine and obesity. R. 12. The ALJ also found that Claimant suffers from a nonsevere impairment of diabetes mellitus. R. 12-13. The ALJ subsequently found Claimant can perform light work as defined by 20 C.F.R. § 404.1567(b), with the following additional restrictions:

> [A] 30 minute sit-stand option; occasional postural activities (i.e., occasional climbing, balancing, stooping, kneeling, crouching, and crawling). The claimant should not have concentrated exposure to vibration, work around moving mechanical parts, or work at unprotected heights.

R. 13.[2] In reaching this RFC determination, the ALJ considered Claimant's testimony, objective medical evidence, and opinion evidence, including Mr. Carn's opinion. R. 14-16. The ALJ, assigned Mr. Carn's opinion little weight, explaining:

> [T]he medical evidence of record does not contain the type of significant clinical and laboratory abnormalities one would expect if the claimant were limited to less than the full range of sedentary

---

[1] This was the only instance Mr. Carn examined Claimant. *See generally* R. 219-332.

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

> work activity. Although the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature. In addition, the record reveals that the treatment has been generally successful in controlling those symptoms (Exhibit 3F).

R. 16. Thus, the ALJ assigned Mr. Carn's opinion little weight because: 1) the objective medical evidence does not contain findings that would suggest Claimant is unable to perform a full range of sedentary work; 2) the Claimant has received routine and conservative treatment; and 3) the record reveals Claimant's treatment has been relatively successful in controlling his symptoms. *Id*. Claimant argues that the ALJ's reasons for rejecting Mr. Carn's opinion "are vague, not supported by substantial evidence, and contradictory to his other statements." Doc. 15 at 12-14.

A physical therapist is not an acceptable medical source, thus their opinions are generally not accorded any special deference. *See* 20 C.F.R. § 404.1513(d)(1); *Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007) (physical therapist's opinion is entitled to less weight than a physician's opinion) (per curiam) (citing *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998)). The ALJ, nevertheless, must consider the opinions of non-medical sources, such as a physical therapist, as they may be used "to show the severity of [a claimant's] impairment(s) and how it affects [his or her] ability to" engage in work-related activities. 20 C.F.R. § 404.1513(d)(1); SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006).

The ALJ considered Mr. Carn's opinion, which is not entitled to any special deference, and articulated three reasons for rejecting his opinion. R. 16; *see Freeman*, 220 F. App'x at 960; *see also McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (the opinion of a one-time examiner is not entitled to deference) (per curiam). The undersigned is not persuaded the ALJ's reasons are vague, and thus do not preclude the Court from conducting a meaningful review of the ALJ's determination to assign little weight to Mr. Carn's opinion. The ALJ, for example, found

4

Claimant's treatment has been relatively successful in controlling his symptoms, citing Dr. William Kuhn's April 4, 2012 neurosurgical evaluation, which indicates that Claimant's pain has been well managed through medication and a single epidural steroid injection, and that Claimant was recommended to maintain a more consistent exercise and weight loss program. R. 16 (citing R. 232-37). The undersigned has considered each of the ALJ's reasons, and finds that each is supported by substantial evidence, as exemplified above. Further, the undersigned finds that the ALJ's decision to assign Mr. Carn's opinion little weight does not contradict any of his other findings.[3] Therefore, considering the source of the opinion and the reasons articulated by the ALJ, the undersigned finds that the ALJ's decision to assign Mr. Carn's opinion little weight is supported by substantial evidence. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. Credibility.

Claimant argues that the ALJ did not articulate any reasons is support of his credibility determination. Doc. 15 at 8-11. The Commissioner argues that the ALJ articulated several reasons in support of his credibility determination, and his reasons are supported by substantial evidence and are sufficient to support his credibility determination. Doc. 18 at 5-11.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged

---

[3] The ALJ certainly could have cited to additional evidence that supported each reason for rejecting Mr. Carn's opinion. The ALJ, however, is not required to render a perfect decision, but one that is capable of meaningful review and supported by substantial evidence. *See Harden v. Colvin*, Case No. 8:15-cv-755-T-30JBT, 2016 WL 551794, at *4 (M.D. Fla. Jan. 26, 2016) *report and recommendation adopted by*, 2016 WL 540670 (M.D. Fla. Feb. 11, 2016).

> pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).  If the ALJ finds that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work.  20 C.F.R. § 404.1529(c)(1).  In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.  *Id.* at § 404.1529(c)(1)-(3).  "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."  *Foote*, 67 F.3d at 1561-62.  The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence.  *Id.* at 1562.

On May 29, 2014, Claimant and his representative appeared before the ALJ for a hearing. R. 26-49.  Claimant testified that he suffers from a constant dull pain, and that his medication provides minimal relief.  R. 36.  Claimant testified that he can lift/carry no more than 10 pounds, sit in one place for 15-30 minutes, stand in one place for 15-20 minutes, and walk for 10-15 minutes before needing to rest.  R. 30-31.  Claimant testified that he cannot squat, kneel or bend at the waist.  R. 32.  Claimant testified that he can bathe and dress himself with minimal assistance, perform light cooking and cleaning, use a computer, spend time with his dog outside, and drive short distances to go to doctor appointments and to shop.  R. 33-34.

The ALJ found Claimant's impairments could reasonably be expected to cause his alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of his symptoms are "not entirely credible for the reasons explained in this decision."  R.

14. Thereafter, the ALJ proceeded to discuss the medical and opinion evidence, but did not articulate any specific reasons supporting his credibility determination. R. 14-17.

The ALJ's credibility determination is boilerplate language commonly found in Social Security decisions. *See Howell v. Astrue*, Case No. 8:10-cv-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011) (noting that boilerplate credibility determinations are common) *report and recommendation adopted*, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011). This boilerplate credibility determination is, in many cases, followed by specific reasons undermining the claimant's testimony. *Id*. In this case, however, the ALJ failed to clearly articulate any specific reasons supporting his credibility determination. *See* R. 14-17. Thus, it is unclear what the ALJ relied on in reaching his credibility determination. The ALJ's failure to articulate specific reasons in support of his credibility determination frustrates the Court's ability to conduct a meaningful review of the ALJ's decision. This failure is significant because Claimant's description of his limitations, if credited, would preclude him from performing light work. Thus, the undersigned finds that the ALJ's decision is not supported by substantial evidence

The Commissioner argues that the ALJ's discussion of the medical and opinion evidence following the boilerplate credibility determination supports her credibility determination. Doc. 18 at 6-10. The ALJ, however, did not articulate specific reasons supporting his boilerplate credibility determination, but instead generally referred to his discussion of the medical and opinion evidence. R. 14-17. Thus, the Commissioner's argument essentially amounts to *post hoc* rationalization, because she attempts to offer reasons supporting the ALJ's boilerplate credibility determination that the ALJ did not specifically articulate in his decision. The Court will not affirm the ALJ's credibility determination based on such *post hoc* rationalization. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale

7

that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).  Accordingly, the undersigned finds this case must be reversed so the ALJ may clearly articulate the reasons supporting his credibility determination.  *See Howell*, 2011 WL 4002557, at *5 (reversing due to ALJ's failure to provide a meaningful explanation for his credibility determination).  Accordingly, it is **RECOMMENDED** that the Court accept Claimant's second assignment of error, and reverse and remand the case for further proceedings.

### III.    CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 28, 2016.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy