UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES KELLEY ROSE,**

    **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No: 6:16-cv-93-Orl-41DCI

**ORDER**

THIS CAUSE is before the Court on the Complaint (Doc. 1) filed by Plaintiff James Kelley Rose pursuant to 42 U.S.C. § 405(g), which seeks judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision denying Plaintiff's application for Social Security Disability benefits and Supplemental Social Security Income payments. On November 28, 2016, United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 20), in which he recommends that the Commissioner's final decision be reversed and remanded for further proceedings. The Commissioner filed an objection to the R&R (Doc. 21), to which Plaintiff filed a Response (Doc. 22). After an independent *de novo* review of the record, the R&R will be adopted.

**I.    BACKGROUND[1]**

---

[1] The Administrative Record is filed at docket entry 13-1 through docket entry 13-8. For clarity purposes, the Court will treat the Record as a single document, using the form (R. at __); pincites will be to the bates numbers provided in the Record.

On April 17, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits, asserting that he had become disabled on January 5, 2012. (R. at 133, 143). Initially and upon reconsideration, the Social Security Administration denied Plaintiff's application (R. at 50–77, 81-86). Plaintiff timely requested a hearing before an administrative law judge ("ALJ"), which was held on May 29, 2014. (R. at 87, 98). On June 18, 2014, the ALJ issued a decision denying Plaintiff's application. (R. at 7–19). Plaintiff sought review of the ALJ's decision with the Appeals Council, but his request was denied (R. at 1–3), making the ALJ's decision final.

On January 20, 2016, Plaintiff appealed to this Court from the final decision of the ALJ. (Doc. 1). On appeal, Plaintiff argues that the ALJ erred by: (1) rejecting the opinion of his physical therapist, David Carn (Pl.'s Brief, Doc. 15, at 11–14); and (2) failing to articulate the reasons for discrediting Plaintiff's testimony concerning his pain and limitations (*id.* at 8–11). The Magistrate Judge recommends that the Court reject Plaintiff's first argument,[2] but accept his second argument. (Doc. 20 at 2–8). The Magistrate Judge further recommends that the Court reverse and remand this matter so that the ALJ may clearly articulate the reasons supporting his credibility determination. (*Id.*). The Commissioner objects to the Magistrate Judge's recommendation to remand.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning

---

[2] The parties do not object to the Magistrate Judge's recommendation that the Court reject Plaintiff's first argument. Finding no clear error, the Court will accept the Magistrate Judge's recommendation. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (explaining that in the absence of specific objections, "a district court need not conduct a *de novo review*, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (quotation omitted).

specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). If the ALJ finds that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). If the ALJ decides to discredit the claimant's testimony, he or she must articulate specific and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995); *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

At the May 29, 2014 hearing, Plaintiff testified that for "a number of years" he has suffered from chronic lower back pain that "radiates throughout the low back and across [his] right buttocks down into [his] right leg." (R. at 29). The pain "hampers most activities as far as [the] length of time whether it be standing, sitting, and so forth." (*Id.*). Plaintiff could only sit for about fifteen to thirty minutes, stand for fifteen to twenty minutes, and walk for ten to fifteen minutes. (*Id.* at 30). He was generally unable to squat, kneel, or bend down. (*Id.* at 32). As for activities of daily living,

Plaintiff prepared breakfast, performed light housework, checked his e-mail, spent time with his dog in the back yard, spent time in the recliner, and prepared dinner. (*Id.* at 32–35).

In the decision denying Plaintiff's application for disability benefits, the ALJ summarized Plaintiff's subjective complaints of pain and concluded that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" his "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible . . . ." (R. at 14). Notably, however, the ALJ made no further mention of Plaintiff's credibility or testimony, leaving only his boilerplate credibility determination. In the absence of reasons supporting the ALJ's credibility determination the Court is unable to conduct a meaningful review of the decision, and therefore finds the decision is not supported by substantial evidence. *McKinney v. Astrue*, No. 8:08-cv-2318-T-TGW, 2010 WL 149826, at *3 (M.D. Fla. Jan. 15, 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 840 n.2 (11th Cir. 1992); *Walker v. Bowen*, 826 F.2d 996, 1004 (11th Cir. 1987); and *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985)).

The Commissioner argues that the Court should affirm the ALJ's decision because Plaintiff's objective medical evidence, nature of treatment, and activities of daily living were inconsistent with his alleged disabling pain and limitations. (Doc. 21 at 3–5). The Commissioner's argument lacks merit.

Inconsistencies between a claimant's testimony, medical evidence, and daily activities may provide a valid reason for an adverse credibility determination. *See Long v. Colvin*, No. 8:14-cv-1913-T-AEP, 2015 WL 12850567, at *3 (M.D. Fla. Sept. 11, 2015) (concluding that the claimant's lack of support in the medical evidence combined with inconsistencies in the claimant's statements regarding his limitations provided substantial evidence supporting the ALJ's credibility determination). Here, however, the ALJ did not articulate a single inconsistency on which he relied

in discrediting Plaintiff's testimony. (*See* R. at 7–19). It is not the role of the Court to guess which evidence the ALJ is using to support his credibility decision. The factual underpinnings for the ALJ's decision must be provided by the ALJ.

Moreover, it is well-established that this Court is required to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations as to what the ALJ may have been thinking. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (explaining that courts will not affirm based on a *post hoc* rationale that "might have supported the ALJ's conclusion." (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Accordingly, the matter is due to be reversed and remanded so that the ALJ may clearly articulate the reasons supporting his credibility determination. *See, e.g.*, *Peart v. Comm'r of Soc. Sec.*, No. 6:13–cv–287–Orl–GJK, 2014 WL 1207362, at *3 (M.D. Fla. Mar. 24, 2014) (remanding where ALJ used boilerplate language to convey his credibility determination but failed to provide any actual analysis)*; Barnes v. Astrue*, No. 5:09-cv-443-Oc-JRK, 2011 WL 915384, at *4–5 (M.D. Fla. Mar. 16, 2011) (remanding where ALJ failed to provide "explicit and adequate reasons for discrediting" pain testimony (quoting *Snyder v. Comm'r of Soc. Sec.*, 330 F. App'x 843, 847 (11th Cir. 2009))).

### IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) is **ADOPTED** and **CONFIRMED** and made part of this Order.

2. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

4. The Clerk is directed to enter judgment accordingly and close this case.

5. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed within thirty days of the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record