UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES KELLEY ROSE,**

       **Plaintiff,**

**v.**                                        **Case No:  6:16-cv-93-Orl-41DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. 25)**
>
> **FILED:**      **March 6, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.**    **BACKGROUND.**

On February 28, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the Commissioner) for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 24.  On March 6, 2017, Plaintiff filed a Motion for Attorney's Fees (the Motion), requesting an award of attorney fees totaling $3,437.69, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the EAJA).  *Id*.  Plaintiff also requests the award of

EAJA fees be paid directly to his counsel if the Commissioner determines he does not owe a debt to the federal government. *Id*. at 3. The Motion is unopposed. *Id*.

**II. DISCUSSION.**

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. The undersigned finds, as discussed below, that Plaintiff is eligible to recover EAJA fees and his request for EAJA fees is reasonable.

**A. Eligibility for EAJA Fees.**

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

**1. Prevailing Party.**

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. 24. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

**2. Timely Application.**

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment

that "is final and not appealable." *Id*. at § 2412(d)(2)(G).  The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff, as discussed above, then has 30 days in which to file his or her motion for EAJA fees.  Therefore, a motion for EAJA fees is timely if it is filed prior to 90 days after the judgment is entered.  *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).  Here, the Judgment was entered on February 28, 2017, and the Motion was filed 7 days later on March 6, 2017.  Docs. 24; 25.  Accordingly, the undersigned finds that the Motion is timely.

### 3. Claimant's Net Worth.

Plaintiff represents that he had a net worth less than $2 million when the complaint was filed.  Doc. 25 at ¶ 7.  This representation is uncontroverted.  Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact."  *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted).  The Commissioner bears the burden of proving her position was substantially justified.  *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not argue that her position was substantially justified.  *See* Doc. 25 at 3.  Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

### 5. No Special Circumstances.

The undersigned finds no special circumstances that would make an award of fees unjust.

**B. Reasonableness of EAJA Fee.**

Plaintiff requests an award of $3,437.69 in attorney fees. Doc. 25 at 3. The chart below represents the hours Plaintiff's counsel worked and the applicable hourly rates:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Richard A. Culbertson, Esq.: | 2016-2017 | 3.3 | $192.67 | $635.81 |
| Sarah Fay, Esq.: | 2016 | 5.2 | $192.67 | $1,001.88 |
| Michael Culbertson, Paralegal | 2016 | 24.0 | $75.00 | $1,800.00 |
| | **Total** | | | **$3,437.69** |

*Id*. at ¶ 8. Plaintiff attaches detailed time sheets in support of the hours his counsel spent working on his case before the Court. *Id*. at 12-14. Plaintiff has also demonstrated the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. *Id*. at 8-10. Upon review, the undersigned finds that Plaintiff is entitled to $3,437.69 in attorney fees, and that such fee is reasonable.

**C. Assignment.**

Plaintiff represents that he agreed to assign his right to attorney fees to Mr. Culbertson. *Id*. at ¶ 9.[1] As a result, Plaintiff represents that "[i]f the U.S. Department of the Treasury determines that [he] does not owe a federal debt, the government will accept [his] assignment of EAJA fees and pay fees directly to [his] counsel." *Id*. Given these representations, Plaintiff requests that the Court "authorize payment of the attorney fees to [his] counsel if the Commissioner determines [he] does not owe a debt to the government." *Id*. at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-29 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's

---

[1] Plaintiff entered into the agreement (the Agreement) on January 7, 2016. Doc. 25-1.

attorney.  The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorney fees.  *Id.* at 2528-29.  An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid.  *See Farm Bureau Mut. Ins. Co. v. U.S.*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984). Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added).  Accordingly, an assignment made prior to the award of attorney fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued.  *Id*. Here, the Assignment does not satisfy the Anti-Assignment Act because the Assignment occurred prior to the award of any attorney fees.  Doc. 25-1; *Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).  Accordingly, the undersigned concludes the award of fees should be made to Plaintiff as the prevailing party.

### III.    CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 25) be **GRANTED in part** and **DENIED in part** as follows:

1. The Motion be **GRANTED** only to the extent that the Court awards Plaintiff $3,437.69 in EAJA fees; and

2. Otherwise, the Motion be **DENIED**.[2]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 7, 2017.

```
                                DANIEL C. IRICK
                                UNITES STATES MAGISTRATE JUDGE
```

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] The United States Department of the Treasury (the "Department") may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government.  However, the undersigned is not recommending the Court order the Department to honor it.